J-S82041-17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LASEAN RAYMON HARDEN, | : | |
| | : | |
| Appellant | : | No. 1090 WDA 2017 |

Appeal from the Judgment of Sentence August 21, 2015
in the Court of Common Pleas of Somerset County
Criminal Division, at No(s): CP-56-CR-0000508-2014

BEFORE: BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:          FILED FEBRUARY 14, 2018

Lasean Raymon Harden (Appellant) appeals from the judgment of sentence entered August 21, 2015, after he pled guilty to one count of possession with intent to deliver (PWID). We affirm.

We begin with the tortuous procedural history leading to the instant appeal. On August 21, 2015, Appellant was sentenced to 27 to 60 months of incarceration after pleading guilty to PWID. Appellant did not timely file a post-sentence motion or a direct appeal. On December 4, 2015, Appellant pro se filed a motion to withdraw his plea. The trial court treated this as a first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] The trial court appointed counsel and held a PCRA hearing

---

[1] "[A]ll motions filed after a judgment of sentence is final are to be construed
(footnote continued next page)

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

on August 1, 2016.[2]  At the conclusion of the hearing, the trial court granted Appellant's PCRA petition and reinstated his right to file a post-sentence motion.

Appellant timely filed a post-sentence motion on August 5, 2016, requesting reconsideration of his sentence to the mitigated range of the sentencing guidelines.  On September 2, 2016, following a hearing, the trial court denied Appellant's post-sentence motion.

Appellant did not file an appeal.  Over the next several months, Appellant pro se filed numerous requests for documents, culminating in a motion for special relief on March 8, 2017.[3]  The trial court held a hearing on

---

(footnote continued)
as PCRA petitions." Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa. Super. 2013) (citing Commonwealth v. Fowler, 930 A.2d 586 (Pa. Super. 2007) (collecting cases)).  Here, Appellant was sentenced on August 21, 2015. Pursuant to the PCRA, his judgment of sentence became final on September 21, 2015, when he failed to file a direct appeal.  See 42 Pa.C.S. § 9545 ("[A] judgment becomes final at the conclusion of direct review... or at the expiration of time for seeking the review."); Pa.R.Crim.P. 720 ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence....").  Accordingly, the trial court properly treated Appellant's December 4, 2015 motion as a timely-filed PCRA petition.

[2] Appointed counsel did not file an amended petition.

[3] Because Appellant's first PCRA petition resulted in the reinstatement of his post-sentencing rights, this motion should have been treated as his first PCRA petition.  See Commonwealth v. Callahan, 101 A.3d 118, 122 (Pa. Super. 2014) (stating that "when a PCRA petitioner's direct appeal rights are reinstated nunc pro tunc in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition"); Commonwealth v. Karanicolas, 836 A.2d 940, 945 (Pa. Super. 2003) (stating that second petition considered (footnote continued next page)

April 28, 2017, "to determine what the procedural posture of this case is[.]" N.T., 4/28/2017, at 2. At that hearing Appellant vacillated between (1) requesting that his appellate rights be reinstated to appeal the denial of his post-sentence motion and filing a PCRA petition alleging ineffective assistance of counsel, and (2) continuing with appointed counsel from his prior PCRA and proceeding pro se with standby counsel. At the conclusion of the hearing, the trial court took no action as it remained unclear which avenue Appellant wished to pursue.

Following several more pro se filings, a motion to withdraw as counsel, and a praecipe to withdraw the motion to withdraw as counsel, the trial court reinstated Appellant's right to file a direct appeal on July 13, 2017.

Appellant filed a notice of appeal on July 17, 2017.[4] Appellant presents the following questions for our review.

_____

(footnote continued)

as first petition because "[Karanicolas's] initial PCRA petition served only to reinstate his rights to a direct appeal nunc pro tunc; it did not grant him PCRA relief per se"). Appellant's post-sentence motion was denied on September 2, 2016, and Appellant did not file an appeal. Thus, his judgment of sentence became final again on October 3, 2016. Appellant's March 8, 2017 motion was filed within one year of his judgment of sentence becoming final, and thus it was a timely PCRA petition. Though the trial court did not explicitly treat this motion as a PCRA petition, it did ensure that Appellant was represented by counsel (continued from his prior PCRA), and held a hearing on the motion.

[4] Appellant complied with Pa.R.A.P. 1925(b). In lieu of an opinion, the trial court submitted a statement stating it believed the sentencing transcript, N.T., 8/21/2015, and post-sentence hearing transcript, N.T., 9/2/2016, sufficiently addressed the issues raised by Appellant. See Statement of the Court, 9/11/2017.

- 3 -

1. Whether the [trial] court abused its discretion in sentencing [Appellant], such that the lower court did not consider Appellant's individual circumstances in fashioning the sentence.

2. Whether the [trial] court is permitted to sentence [Appellant] outside of the sentencing guidelines when mitigating circumstances are present.

Appellant's Brief at 6 (unnecessary capitalization omitted).

Appellant's issues on appeal challenge the discretionary aspects of his sentence.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine:  (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code….   [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

Commonwealth v. Disalvo, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

The record reflects that, following reinstatement of his rights by the trial court, Appellant timely filed both a post-sentence motion for reconsideration of his sentence and a notice of appeal.  However, to satisfy the second requirement regarding preservation, we point out that "[o]bjections to the

discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013). "[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." Commonwealth v. Rush, 959 A.2d 945, 949 (Pa. Super. 2008). Appellant failed to raise his specific appellate claims in his post-sentence motion: that the trial court "did not consider Appellant's individual circumstances in fashioning the sentence" and that a trial court may not "sentence [Appellant] outside of the sentencing guidelines when mitigating circumstances are present." See Appellant's Brief at 6. Rather, Appellant simply stated that he was "entitled to a mitigated sentence" for various listed reasons.[5] Post-Sentence Motion, 8/5/2016, at ¶ 7. Accordingly, Appellant has failed to preserve his discretionary sentencing claims. See Commonwealth v. Lamonda, 52 A.3d 365, 371 (Pa. Super. 2012) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citations and quotation marks omitted).

---

[5] Specifically, that Appellant "is suffering from a variety of health problems[;] ... has taken responsibility for his actions[; and] ... has cooperated with law enforcement regarding the investigation." Post-Sentence Motion, 8/5/2016, at ¶7.

Moreover, Appellant has failed to include in his brief a statement pursuant to Pa.R.A.P. 2119(f),[6] and the Commonwealth has objected to this omission. Commonwealth's Brief at 2-3. See Commonwealth v. Roser, 914 A.2d 447, 457 (Pa. Super. 2006) ("A failure to include the Rule 2119(f) statement does not automatically waive an appellant's [discretionary aspects of sentencing] argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement.") (quoting Commonwealth v. Love, 896 A.2d 1276, 1287 (Pa. Super. 2006)).

Accordingly, Appellant is not entitled to relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2018

---

[6] Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting Commonwealth v. Mouzon, 571 Pa. 419, 435, 812 A.2d 617, 627 (Pa. 2002)) ("An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate 'the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.'").